### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

UNITED STATES OF AMERICA                                        RESPONDENT

VERSUS                                        CIVIL ACTION NO. 1:06cv1122DCB
                                            CRIMINAL ACTION NO. 1:03cr88DCB

BRENDA FAYE SEYMOUR                                              PETITIONER

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Brenda Faye Seymour's Motion to Vacate under 28 U.S.C. § 2255 [**criminal docket entry no. 106; civil docket entry no. 1**]. Having reviewed the Motion, Briefs, Response, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS

On January 30, 2004, Petitioner Brenda Faye Seymour pled guilty to conspiracy with intent to distribute 100 kilograms of marijuana. On May 3, 2004, Seymour was sentenced to 135 months imprisonment and four years supervised release. The petitioner did not appeal the sentence.

On November 8, 2006, the petitioner filed a Motion to Vacate under § 2255. In her motion, Seymour argues that the sentencing court erred by including a firearm enhancement when it computed her sentence. The government argues that the petitioner's motion should be dismissed for two reasons: (1) the motion was filed

outside the one-year statute of limitations, and (2) the petitioner waived her right to file a § 2255 motion in the plea agreement.

## DISCUSSION

Section 2255 of Title 28 of the Unites States Code states that "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction became final; [or] . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  In a case such as this one where no appeal is taken, a criminal judgment becomes final when the time for filing an appeal expires.  Pena v. United States, 2006 WL 3761785, *2 (W.D. Tex. Dec. 19, 2006).  Thus, barring the application of a tolling doctrine, Seymour's one-year limitation period would have begun to run on May 17, 2004.[1]  See Fed. R. App. P. 4(b)(1)(A).  The petitioner has not argued that she is entitled to any form of tolling of the limitation period.  Inasmuch as the petitioner's motion was filed outside the one-year limitation period, her Motion

---

[1]The petitioner asserts that the alleged error of including the firearm enhancement was not discoverable until recently.  The petitioner's reply brief, however, rebuts this assertion.  See Seymour's Reply to Government's Response, 1-2 ("**During my plea negotiations**, I stated repeatedly that I was not the owner of the guns for which I was enhanced.  I informed my attorney od [sic] this matter and the government was made aware of this information.").  Since Seymour was aware of the alleged error at the time of her sentencing, § 2255(4)'s discovery provision does not apply to delay the running of the statute of limitations.

to Vacate is time barred.

Moreover, even assuming, *arguendo*, that the petitioner's motion is not time barred, it is nevertheless procedurally barred. Courts routinely uphold a petitioner's knowing and voluntary waiver of the right to file a § 2255 motion.  <u>United States v. White</u>, 307 F.3d 336, 344 (5th Cir. 2002).  The plea agreement which was signed by Seymour and contained an express waiver of her right to appeal and her right to file a motion for post-conviction relief.  (<u>See</u> Plea Tr., at 14-15).  Since Seymour waived her right to file for post-conviction relief, her Motion to Vacate must be dismissed. Accordingly,

IT IS HEREBY ORDERED that Petitioner Brenda Faye Seymour's Motion to Vacate under 28 U.S.C. § 2255  [**criminal docket entry no. 106; civil docket entry no. 1**] is **DISMISSED WITH PREJUDICE.**

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 2nd day of March, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
